**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**KELLERY LIDDELL**                                                                           **PLAINTIFF**

**v.**                                                                                      **No. 2:08CV59-A-A**

**SHERIFF JERRY ELLINGTON, ET AL.**                                       **DEFENDANTS**

**REPORT AND RECOMMENDATION**

On October 7, 2008, plaintiff Kellery Liddell appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. The plaintiff was incarcerated when he filed this lawsuit, which is thus subject to the Prison Litigation Reform Act.[1]

Liddell alleges that he was falsely arrested for robbing Sam's Town Casino in Tunica, Mississippi in 2004. He was tried and acquitted on the charges that same year. He also alleges that the law enforcement officers who arrested him used excessive force. The plaintiff signed the complaint in this case on April 8, 2008.

A federal court borrows the forum state's general or residual personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249 (1989); *Gartrell v. Gaylor*, 981 F.2d 254 (5th Cir. 1993). In Mississippi, that statute is MISS. CODE ANN. § 15-1-49 (1972), which allows a litigant only three years to file such an action, and the statute begins to run "at the moment the plaintiff becomes aware he has suffered an injury or has sufficient information to know he has been injured." *Russel v. Board of Trustees of Firemen, etc.*, 968 F.2d 489 (5th Cir. 1992), *cert. denied*,

---

[1] 28 U.S.C. § 1915(g).

113 S. Ct. 1266 (1993) (citations omitted). All of the events detailed in the complaint occurred in 2004; Liddell filed his complaint with the court on April 8, 2008. Thus, for Liddell to have met the three-year deadline (without some sort of tolling), his claims must have occurred or accrued on or after April 8, 2005.

Generally, an affirmative defense must be raised by a defendant, not by the court, *sua sponte*. FED. R. CIV. P. 8(c). The court's obligation after a *Spears* hearing is to examine whether the plaintiff has stated a constitutional claim so that the case should go forward or not, and the defendant is not served with process until that determination is made. Although that is not the question here, when all relevant facts are uncontroverted in the record, the court "may not ignore their legal effect, nor [] decline to consider the application of controlling rules of law to dispositive facts, simply because neither party has seen fit to invite [the court's] attention by technically correct and exact pleadings." *American Furniture Co. v. International Accommodations Supply,* 721 F.2d 478, 482 (5th Cir. 1981). Indeed, a district court may, *sua sponte*, dismiss a claim filed *in forma pauperis* under 28 U.S.C. § 1915(d) when it is clear on the face of the complaint that the claims are barred by the applicable statute of limitations. *Moore v. McDonald*, 30 F.3d 616 (5th Cir. 1994). Liddell acknowledged at the *Spears* hearing that all of the relevant events took place in 2004, more than three years before the April 8, 2008, filing of the complaint in this case. As such, Mississippi's general three-year limitations period expired before this case was filed.

In addition, Liddell has not presented the court with any justification for tolling the limitations period. He did not seek any administrative remedies "because MDOC does not have authority or legal jurisdiction over the defendants named," and because "the incident which gives

rise [to] this suit occurred prior to the plaintiff's incarceration." Thus, the statute of limitations could not have been tolled while Liddell exhausted his administrative remedies. Neither can he benefit from equitable tolling, which applies only "where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996). Liddell has not alleged any facts to support equitable tolling; as such, he may not benefit from it in this case. The plaintiff Kellery Liddell did not file his case before the three-year limitations period expired, and he has offered no rationale for the court to toll the statute of limitations. Therefore, the undersigned respectfully recommends that this case be dismissed as untimely filed under MISS. CODE ANN. § 15-1-49 (1972).

### Handling of Objections, Acknowledgment of Receipt

The court refers the parties to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff is directed to acknowledge receipt of this report and recommendation by

signing the enclosed acknowledgment form and returning it to the clerk of the court within ten (10) days of this date. The plaintiff is warned that failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.

Respectfully submitted this 16th day of November, 2009.

/s/   S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE